**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEWART A. KAUFMAN, M.D.,**

                              **Plaintiff,**

  vs.                                                          1:11-CV-667
                                                                                  (MAD/DRH)

**THE COLUMBIA MEMORIAL HOSPITAL, d/b/a**
**COLUMBIA MEMORIAL HOSPITAL, JAY P.**
**CAHALAN, individually, and NORMAN A.**
**CHAPIN, M.D., individually,**

                              **Defendants.**
_____

APPEARANCES:                                    OF COUNSEL:

GLEASON, DUNN, WALSH & O'SHEA       Ronald G. Dunn, Esq.
40 Beaver Street                                        Peter N. Sinclair, Esq.
Albany, New York 1207
*Attorneys for Plaintiff*

GARFUNKEL WILD, P.C.                         Andrew L. Zwerling, Esq.
111 Great Neck Road                              Jason Hsi, Esq.
Great Neck, New York 11201
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**


**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

     Plaintiff Stewart Kaufman, M.D. ("plaintiff" or "Kaufman"), alleges that defendants discriminated against him based on his age in violation of the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621- 634 ("ADEA") and the N.Y. Exec. Law § 296 ("New York State Human Rights Law" or "NYSHRL") and further, that defendants discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act,

("ADA"), codified at 42 U.S.C. § 12101 *et seq.* and the NYSHRL.  Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the complaint. (Dkt. No. 12).  Plaintiff opposes the motion. (Dkt. No. 13).

## II.     COMPLAINT

Defendant Columbia Memorial Hospital ("defendant" or "CMH") is a New York not-for-profit corporation, which operates the Columbia Memorial Hospital in Columbia, New York.  In 2008, plaintiff became employed with defendant as an orthopedic surgeon.  Plaintiff claims he was the oldest orthopedic surgeon at the hospital.  In addition, plaintiff alleges that he suffered from a number of medical ailments that qualify as a "disability" under the ADA and New York State Human Rights Law.  In January 2010, defendant terminated plaintiff's employment.  On April 21, 2010, plaintiff filed a charge of age and disability discrimination against defendant with the New York State Division of Human Rights ("NYSDHR") which was dual-filed with the Equal Employment Opportunity Commission ("EEOC").  On January 31, 2011, the NYSDHR issued a Determination and Order of Dismissal for Administrative Convenience.   On March 9, 2011, the EEOC issued a Dismissal and Notice of Rights.  Plaintiff alleges that he received the EEOC notice on Monday, March 14, 2011.  On June 13, 2011, plaintiff commenced the present action asserting claims under the ADEA, ADA and state law. (Dkt. No. 1).  On July 26 2011, plaintiff filed an Amended Complaint. (Dkt. No. 4).

## III.    DISCUSSION

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a cause of action.  Defendants argue that plaintiff's ADEA and ADA claims are time-barred due to

2

plaintiff's failure to file the within action within the 90-day statutory period. Plaintiff claims that he did not receive the EEOC letter until March 14, 2011. Thus, his complaint was timely filed.

To survive a Rule 12(b)(6) motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "Courts in this circuit have held that the principle in Rule 12(b)(6) motions that a pleading's factual allegations must be taken as true applies to allegations that a plaintiff did not receive his EEOC letter within three days after the EEOC mailed it." *Newell v. New York City Dep't of Transp.*, 2010 WL 1936226, at *2 (E.D.N.Y. 2010) (citations omitted). "In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)). "There is a presumption in this circuit that a mailed document is received three days after its mailing". *Isaacson v. New York Organ Donor Network*, 405 F. App'x 552, 553 (2d Cir. 2011). "[N]ormally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock*, 84 F.3d at 525 (citations and internal citations omitted). These presumptions, however, are not irrebuttable. *Id*. In *Sherlock*, the Second Circuit held:

> If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive.

*Id*. (internal citations omitted).

Self serving statements and mere denials of receipt does not rebut that presumption. *Isaacson*, 405 F. App'x at 553 (citations omitted). The claimant must present an affidavit or other admissible evidence of receipt. *Sherlock*, 84 F.3d at 527; *see also Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906 (2d Cir. 1998) (the presumption may be rebutted by an affidavit from the plaintiff stating the actual date of receipt); *cf. Isaacson*, 405 F. App'x at 553 (an affidavit by an EEOC employee responsible for mailing the right-to-sue letter attesting to the fact that she personally mailed the letter was sufficient to establish the rebuttable presumption that the letter was received by the plaintiff). When the complaint alleges a late date of receipt, or non-receipt, for purposes of a 12(b)(6) motion, a court must accept the allegation as true, and deny defendant's motion to dismiss for timeliness. *See Harrison v. New York City Admin. for Children's Servs.*, 2003 WL 21640381, at *2-3 (S.D.N.Y. 2003).

On the motion herein, defendants rely entirely upon "presumptions" in support of their motion to dismiss, i.e., the presumption that notice by a government agency is deemed mailed on the date of the notice and the presumption that a mailed document is received three days after the date it was sent. In opposition to the motion, plaintiff provided an affidavit stating that he did not receive the notice until March 14, 2011. Moreover, plaintiff stated, in his original complaint, that he received the EEOC Dismissal and Notice of Rights on March 14, 2011. Defendants have provided no evidence regarding when they received a copy of the EEOC's correspondence. Indeed, defendants have not submitted any evidence to rebut plaintiff's affidavit or statement in his complaint. *See Comrie*, 133 F.3d at 906 (the plaintiff sufficiently rebutted the three day presumption with her own affidavit and the hospital failed to provide evidence to rebut). Thus, based upon the record as it presently exists, plaintiff has come forth with sufficient evidence, at this stage of the litigation, to rebut the presumptions.

Defendants cite to *Johnson v. St. Barnabus Nursing Home*, 368 F. App'x 246 (2d Cir. 2010) as authority for dismissal. However, the facts and issue presented in that case are distinguishable. In *Johnson*, plaintiff alleged, in her complaint, that she received the EEOC letter almost two weeks after it was issued. *Johnson v. St. Barnabus Nursing Home*, 568 F.Supp.2d 399, 400 (S.D.N.Y. 2008). The lower court noted that plaintiff, "offer[ed] no compelling explanation for this exceptional delay" and the plaintiff's statements were contradicted by the Right-to-Sue letter, which was attached as an exhibit to the complaint. *Id*. Thus, the lower court dismissed her allegations as time barred. *Id*. On appeal, the Second Circuit affirmed the lower court's decision holding that the presumptions of mailing and receipt were not rebutted by the plaintiff's self-serving and unsupported allegations regarding receipt of the EEOC letter. *Johnson*, 368 F. App'x at 246. In the case at hand, plaintiff's complaint and sworn statement in opposition to the motion are sufficient to overcome the three-day presumption.[1] *See Johnson v. Verizon*, 2009 WL 3000080, at *5 (S.D.N.Y. 2009) (the court viewed the plaintiff's sworn statement in the complaint as sufficient evidence to overcome the presumption as to the receipt date). Assuming the allegations in the complaint to be true, as the Court must do on a 12(b)(6) motion, plaintiff's complaint is not time barred. Accordingly, defendants' motion is denied.

---

[1] In opposition to the motion, plaintiff submitted an affidavit from Paul Feigenbaum, Esq., plaintiff's former counsel. The Court has not considered that affidavit in the context of the within motion. *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213, 334 F.3d 210 (2d Cir. 2003) ("When presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment").

## IV. CONCLUSION

It is hereby

**ORDERED** that defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 20, 2011

                                                                            _____
                                                                            Mae A. D'Agostino
                                                                            U.S. District Judge