**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STEWART A. KAUFMAN, M.D.,**

                 **Plaintiff,**

  vs.                                               **1:11-CV-667
                                                          (MAD/CFH)**

**THE COLUMBIA MEMORIAL HOSPITAL, d/b/a
COLUMBIA MEMORIAL HOSPITAL,**

                 **Defendant.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**GLEASON, DUNN, WALSH & O'SHEA**       **RONALD G. DUNN, ESQ.**
40 Beaver Street                           **PETER N. SINCLAIR, ESQ.**
Albany, New York 1207
Attorneys for Plaintiff

**GARFUNKEL WILD, P.C.**                  **ANDREW L. ZERLING, ESQ.**
111 Great Neck Road                    **JASON HSI, ESQ.**
Great Neck, New York 11201
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court are Plaintiff's motion *in limine*, *see* Dkt. No. 79-2, and

Defendant Columbia Memorial Hospital's ("CMH") motion *in limine*, *see* Dkt. No. 88.

### II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in

its prior orders, and will discuss only those allegations and facts relevant to disposition of the

pending motions.

Plaintiff alleges that Defendant breached an employment agreement between them by: (1) suspending him with pay on August 28, 2009; (2) suspending him without pay on October 18, 2009; (3) terminating him on January 27, 2010; and (4) denying his application for renewal of medical staff privileges without affording him due process as required under CMH's bylaws. Defendant has interposed an unjust enrichment counterclaim and alleges that it is entitled to damages in the form of advance payments made to Plaintiff during his suspension.

In terminating Plaintiff's employment, Defendant cited the following provisions contained in Section 11(b) of the employment agreement:

> (b) This Agreement may be terminated without prior written notice at any time by the Hospital for just cause, including, but not limited to:
> ...
> (ii). A termination, suspension or non-renewal of your medical staff privileges at the Hospital in accordance with the medical staff bylaws, rules and regulations and policies of the Hospital.
> ...
> (viii). Other conduct which in the fair and reasonable opinion of the President (or designee(s) of the Hospital is such as to create a threat to the health, safety or welfare of patients, demonstrates a failure to carry out your professional responsibilities hereunder, or is otherwise contrary to the best interest and welfare of the Hospital and its patients.

In its pre-trial submissions, Defendant claims three independent bases for its determination to terminate Plaintiff for "just cause": (1) Plaintiff's incompetence presented serious risks to patient health and safety, as well as CMH's and its patients' best interests (Section 11(b)(viii)); (2) Plaintiff's failure to submit the requisite follow-up medical documentation regarding his competence (Section 11(b)'s non-exhaustive "just cause" provision);[1] and (3)

---

[1] As discussed during the final pretrial conference, evidence regarding Plaintiff's failure to submit the requisite follow-up medical documentation regarding his competence may only be used to show that Plaintiff failed to perform his obligations under the contract (*i.e.*, breach of the implied covenant of good faith and fair dealing) or that Plaintiff failed to reapply for medical staff

Plaintiff's failure to renew his medical staff membership and clinical privileges (Section 11(b)(ii) and Section 4 ("As a continuing condition precedent to the Hospital's obligations under this Agreement and prior to the provision of any services by you hereunder, you shall: . . . (iii) apply for, be awarded and maintain in good standing, membership in the Hospital's Medical Staff with appropriate privileges, in accordance with Hospital Policies")).

During the final pretrial conference held on August 6, 2014, the Court addressed several issues raised in the parties' respective pretrial submissions. The Court refers to and incorporates the transcript of that conference herein.

### III. DISCUSSION

**A.     Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

---

privileges. Defendant may not argue that this constituted an independent grounds for a finding of just cause.

**B.     Plaintiff's Motion *in Limine***

   **1. Relevance of Competency Evidence**

Plaintiff seeks to preclude Defendant from introducing any evidence regarding Plaintiff's competency to safely practice medicine. Plaintiff contends that Defendant's failure to afford him the due process protections set forth in CMH's bylaws obviates any inquiry at trial into his competency and whether Defendant had just cause to terminate him. *See* Dkt. No. 79-2 at 5-6.[2] As discussed in the final pretrial conference, the employment agreement does not, in every circumstance, require compliance with the bylaws in order for CMH to terminate Plaintiff for just cause. While the Court has found as a matter of law that the employment agreement and CMH's bylaws require compliance with the Fair Hearing Plan set forth therein before Plaintiff's staff privileges can be terminated or not renewed, no such requirement pertains to termination of the employment agreement itself.[3] As such, evidence of Plaintiff's competence is relevant to Defendant's contention that it terminated Plaintiff for just cause pursuant to Section 11(b)(viii) and is admissible for that purpose. *See* Fed. R. Evid. 402. Accordingly, this aspect of Plaintiff's motion *in limine* is denied.

   **2. Hearsay Objection to Competency Evidence**

Plaintiff seeks to preclude certain out of court statements regarding his alleged incompetency as inadmissible hearsay. Plaintiff asserts that Defendant may not introduce such

---

   [2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

   [3] As discussed during the final pretrial conference, the question of whether Plaintiff failed to apply for renewal of his staff privileges or whether Defendant determined not to renew Plaintiff's staff privileges without due process is a question for the jury to decide. Should the jury determine that it was the latter, Defendant may not rely on Sections 11(b)(ii) and 4 of the employment agreement to justify its termination of Plaintiff's employment.

evidence to prove the truth of the matter asserted – *i.e.*, whether Plaintiff was actually competent to practice medicine. *See* Dkt. No. 79-2 at 6-7 (citing Fed. R. Evid. 801, 802). Without having the benefit of the disputed exhibits themselves, or the context in which Defendant seeks to introduce them into evidence, the Court is not in a position to make a definitive ruling at this time. However, the Court notes that, as a general proposition, Defendant will be permitted to introduce evidence that it contends demonstrates that it's opinion regarding Plaintiff's competency was "fair and reasonable," such that it had "just cause" to terminate Plaintiff. Based on the foregoing, this aspect of Plaintiff's motion *in limine* is denied without prejudice.

### 3. Expert Testimony on Competency

Plaintiff seeks to preclude Defendant from introducing statements from other doctors regarding their opinion as to his competency to practice medicine. Plaintiff contends that Defendants should be precluded from presenting the testimony of Albert Galaburda, M.D., Jacquline Chang, M.D., Aaron Nelson, PhD, and Norman Chapin, M.D., on the grounds that Defendant has not proffered these witnesses as experts or provided a timely Fed. R. Civ. P. 26(a)(2) disclosure. *See* Dkt. No. 79-2 at 7-8.

The law in the Second Circuit is clear that treating physicians and other medical professionals can testify as to their opinions without being disclosed as expert witnesses:

> Courts in this Circuit have regularly held that treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report. *See, e.g.*, *Zanowic v. Ashcroft*, No. 97 Civ. 5292, 2002 WL 373229, at *2 (S.D.N.Y. Mar.8, 2002) ("There can be no serious dispute that, as a treating physician, Dr. Giovinazzo was free to testify to opinions he formed in the course of treating [plaintiff], without regard to the disclosure requirements of Rule 26(a)(2)."); *see also Smolowitz v. Sherwin–Williams Co.*, No. 02 Civ. 5940, 2008 WL 4862981, at *4 (E.D.N.Y. Nov.10, 2008) (noting that some cases suggest "that treating physicians may render expert opinion testimony regarding

5

> causation even without submitting a detailed report"); *NIC Holding Corp. v. Lukoil Pan Americas, LLC*, No. 05 Civ. 9372, 2007 WL 1467424, at * 1 (S.D.N.Y. May 16, 2007) (observing that "treating physicians often are allowed to express their opinions as to the causes of an injury, based on their training and experience").

*Manganiello v. Agostini*, No. 07 Civ. 3644, 2008 WL 5159776, *12 (S.D.N.Y. Dec. 9, 2008). That is not to say, however, that the physician's testimony is without parameters:

> "[T]he key to what a treating physician can testify to without being declared an expert is based on his personal knowledge from consultation, examination and treatment of the Plaintiff, 'not from information acquired from outside sources.'" *Id.* (emphasis added) (internal citation omitted). Thus, treating physicians "cannot be limited to solely factual testimony," *id.*, and they "may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments." *Williams v. Regus Mgmt. Group*, LLC, 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012) (emphasis in original) (internal citation omitted). Therefore, treating physicians are "permitted to offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment." *Spencer*, 2011 WL 4383046, at *4 (emphasis in original).

*Barack v. American Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D. Conn. 2013).

While Dr. Chapin has never been among Plaintiff's treating physicians, as a representative of CMH, his opinion is relevant and admissible for the purpose of determining whether CMH had a fair and reasonable opinion sufficient to terminate Plaintiff for cause. Based on the foregoing, this aspect of Plaintiff's motion *in limine* is denied without prejudice. However, Plaintiff may renew his application to limit the scope of these witnesses' testimony at trial in accordance with the foregoing standards.

### 4. Malpractice Settlement Agreements as Evidence of Incompetence

Plaintiff seeks to preclude Defendant from introducing evidence regarding his malpractice settlement history. *See* Dkt. No. 79-2 at 8-9. In response, Defendant states that

> the Hospital intends to introduce evidence of Dr. Kaufman's
> settlement history with third parties as independent confirmation of
> the reasonableness of the Hospital's termination decisions–*i.e.*, there
> was sufficient reason to believe that Dr. Kaufman posed a threat to
> patient health or safety, or that his conduct was contrary to the
> interests of the Hospital.

Dkt. No. 94 at 21.

It is well settled that "[a] settlement neither requires nor implies any judicial endorsement of either party's claims or theories." *Bates v. Long Island Railroad Co.*, 997 F.2d 1028, 1038 (2d Cir.), *cert. denied*, 510 U.S. 992 (1993). *See also Perez v. Westchester Co. Dept. of Corr.*, 587 F.3d 143, 148 (2d Cir. 2009) ("The settlement did not constitute an admission of liability."). Further, Federal Rule of Evidence 408 governs the admissibility of settlement agreements:

> (a) Prohibited Uses. Evidence of the following is not admissible –
> on behalf of any party – either to prove or disprove the validity or
> amount of a disputed claim or to impeach by a prior inconsistent
> statement or a contradiction:
> (1) furnishing, promising, or offering – or accepting, promising to
> accept, or offering to accept – a valuable consideration in
> compromising or attempting to compromise the claim; . . .

Defendant argues that Rule 408 does not apply because it "does not seek to litigate any claim or dispute concerning Dr. Kaufman in connection with the alleged malpractice." Dkt. No. 94 at 21.

In light of the foregoing principles, the Court finds that it would be impermissible for Defendant to use evidence of Plaintiff's malpractice settlements to bolster its position that he was not competent. Notwithstanding Defendant's representations to the contrary, admitting evidence of Plaintiff's malpractice settlement history would necessarily devolve the trial of the instant matter into a series of mini-trials over prior allegations of malpractice. Moreover, the probative value of such evidence would be substantially outweighed by prejudice, confusion, and delay.

7

*See* Fed. R. Evid. 403. Based on the foregoing, this aspect of Plaintiff's motion *in limine* is granted.[4]

### 5. Promissory Note

Plaintiff seeks to preclude Defendant from introducing evidence regarding a promissory note executed between the parties, the purpose, terms, and payment of which are not at issue here. *See* Dkt. No. 79-2 at 9-10. Defendant asserts that evidence of the promissory note is relevant to the parties' course of conduct, as it pertains to a balancing of the equities for Defendant's unjust enrichment counterclaim. *See* Dkt. No. 94 at 22. During the final pretrial conference, Defendant also argues that evidence of the promissory note is admissible to impeach Plaintiff's credibility.

The Court finds that the promissory note is not relevant to any of the claims or defenses at issue in this trial. *See* Fed. R. Evid. 402. Even assuming that it were relevant, the prejudice of such evidence would substantially outweigh any probative value. *See* Fed. R. Evid. 403. Accordingly, this aspect of Plaintiff's motion *in limine* is granted.

**C.      Defendant's Motion *in Limine***

Defendant seeks exclusion of evidence relating to the issue of discrimination. Defendant argues that since Plaintiff's age and disability discrimination claims were dismissed on summary judgment, Plaintiff is precluded from introducing any evidence of discrimination during the trial of the remaining state law claims for breach of contract and unjust enrichment. Defendant further contends that Plaintiff should be precluded from introducing such evidence because any probative value is substantially outweighed by jury confusion and prejudice. *See* Dkt. No. 88.

---

[4] This is not to say that all evidence relating to instances of Plaintiff's alleged malpractice is inadmissible. For example, if there were allegations of medical malpractice relevant to the time period at issue in this litigation, which Defendant was aware of at the time of Plaintiff's termination, then such evidence may be admissible.

8

As an initial matter, Defendant is of course correct that Plaintiff's discrimination claims were dismissed by the Court. However, it is nearly impossible for the Court to rule on Defendant's motion *in limine* due to the lack of specificity in Defendant's motion. On this basis, Defendant's motion is denied. Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 150 (S.D.N.Y. 2003) (finding that a motion in limine seeking to exclude certain evidence lacked sufficient specificity to allow the court to rule where it failed to specify which evidence should be excluded). Nevertheless, the Court will reserve judgment on the ultimate admissibility of evidence of discrimination, and provides the following guidance to the parties in advance of trial.

In awarding Defendant summary judgment on Plaintiff's discrimination claims, the Court found that, as a matter of law, Plaintiff had failed to adduce evidence of discrimination sufficient to defeat summary judgment on his statutory employment discrimination claims. The Court did not, as Defendant suggests, find that Defendant's employees' motives in terminating Plaintiff were unassailable. The Court expects the focus of this trial to be on the issue of whether Defendant had just cause to terminate Plaintiff. To the extent that Plaintiff seeks to introduce evidence tending to show that Defendant's opinion regarding Plaintiff's competency was not fair and reasonable, but was motivated by discriminatory animus, such evidence is relevant to the just cause inquiry. However, evidence regarding the discrimination claims themselves (*i.e.*, that Plaintiff's complaint included claims of employment discrimination which were dismissed by the Court prior to trial) would not be admissible. Based on the foregoing, Defendant's motion *in limine* is denied without prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 79-2) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendant's motion in limine (Dkt. No. 88) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date: August 7, 2014
    Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge